JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JAMEYA SCRUGGS WHITE, a minor by and through her parent and natural guardian, MELVIN JAMAL SCRUGGS and SADDIYA LOWRY WHITE, a minor, by and through her parent and natural guardian, RICHARD LOWRY

## DEFENDANTS

BRIAN MYERS and UNITED STATES OF AMERICA, c/o FEDERAL BUREAU OF INVESTIGATION and FATIMA WHITE

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael O. Pansini, Esquire and Steven M. Mezrow, Esquire
PANSINI & MEZROW
1525 Locust Street, 15th Floor, Philadelphia, PA 19102
(215) 732-5555

Attorneys *(If Known)*
Annetta Foster Givhan, Assistant United States Attorney
U.S. Attorney's Office, 615 Chestnut Street, Suite 1250,
Philadelphia, PA 19106
(215) 861-8319

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2679(d)

Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*   Yes

JUDGE   O'Neill, J.     DOCKET NUMBER   14-1951

DATE   08/06/2014

SIGNATURE OF ATTORNEY OF RECORD   *Annetta Foster Givhan*

## FOR OFFICE USE ONLY

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

Annetta Foster Givhan, AUSA

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff:  Jameya Scruggs White, Melvin Jamal Scruggs, 1917 S. Cecil St., Phila., PA 19143 and Saddiya Lowry White, Richard Lowry, 1536 W. Ruscomb, Phila., PA 19141

Address of Defendant:  Brian Myers, 5301 Tacony St., Phila., PA 19135 and USA, c/o FBI, 800 Arch St., 8th Fl., Phila., PA 19106 and Fatima White, 1507 Courtland St., Phila., PA 19140

Place of Accident, Incident or Transaction:  Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐  No ☑

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☑

*RELATED CASE, IF ANY:*
Case Number:  14-1951 EDPA        Judge  Thomas N. O'Neill, Jr.        Date Terminated:  ONGOING

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes ☑  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes ☑  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes ☐  No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Annetta Foster Givhan, AUSA                                   , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: August 6, 2014 _____    _____    48190

Attorney-at-Law                                                          Attorney I.D.#
Annetta Foster Givhan, AUSA

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: August 6, 2014 _____    _____    48190

Attorney-at-Law                                                          Attorney I.D.#
Annetta Foster Givhan, AUSA

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| JAMEYA SCRUGGS WHITE, a minor by and through her parent and natural guardian guardian,<br>MELVIN JAMAL SCRUGGS<br>1917 South Cecil Street<br>Philadelphia, PA 19143<br>and<br>SADDIYA LOWRY WHITE, a minor, by and through her parent and natural guardian,<br>RICHARD LOWRY<br>1538 West Ruscomb<br>Philadelphia, PA 19141<br><br>v.<br><br>BRIAN MYERS<br>5301 Tacony Street<br>Philadelphia, PA 19135<br>and<br>UNITED STATES OF AMERICA<br>c/o FEDERAL BUREAU OF INVESTIGATION<br>600 Arch Street<br>8th Floor<br>Philadelphia, PA 19106<br>and<br>FATIMA WHITE<br>1507 Courtland Street<br>Philadelphia, PA 19140 | CIVIL ACTION NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         **(X)**

August 6, 2014

Date
               Annetta Foster Givhan, AUSA
                                  Defendants Brian Myers and USA

                                                       Attorney for

215-861-8319
                    215-861-8618
                                     annetta.givhan@usdoj.gov

Telephone
                    FAX Number
                                        E-Mail Address

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)         Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMEYA SCRUGGS WHITE, a minor by and : <br> through her parent and natural guardian, : <br> guardian, : <br> MELVIN JAMAL SCRUGGS : <br> 1917 South Cecil Street : <br> Philadelphia, PA 19143 : <br>      and : <br> SADDIYA LOWRY WHITE, a minor, by and : <br> through her parent and natural guardian, : <br> RICHARD LOWRY : <br> 1536 West Ruscomb : <br> Philadelphia, PA 19141 : <br> : <br>      v. : <br> : <br> BRIAN MYERS : <br> 5301 Tacony Street : <br> Philadelphia, PA 19135 : <br>      and : <br> UNITED STATES OF AMERICA, : <br> c/o FEDERAL BUREAU OF INVESTIGATION : <br> 600 Arch Street : <br> 8th Floor : <br> Philadelphia, PA 19106 : <br>      and : <br> FATIMA WHITE : <br> 1507 Courtland Street : <br> Philadelphia, PA 19140 : | CIVIL ACTION NO. |

## NOTICE OF REMOVAL OF CIVIL ACTION FROM
## STATE COURT TO THE UNITED STATES DISTRICT COURT

Pursuant to 28 U.S.C. § 2679(d), the United States of America, on behalf of itself and

its employee defendant Brian Myers, removes this action to the United States District Court for the

Eastern District of Pennsylvania and, in support thereof, the United States avers as follows:

1.     On April 3, 2014, plaintiff Jameya Scruggs White, a minor by her parent and guardian, and plaintiff Saddiya Lowry White, also a minor by her parent and guardian, commenced a state court  action by filing a Praecipe to Issue a Writ of Summons in the Court of Common Pleas, Philadelphia County, in a case styled <u>Scruggs White and Lowry White v. Myers, United States and White,</u> Court of Common Pleas of Philadelphia County, March Term 2014, Civil Action No. 05719.

2.     The state court listed the case for settlement and pretrial conferences and trial and later issued notice on July 14, 2014 of a case management order; plaintiffs then filed a complaint on July 15, 2014.  A copy of the Complaint is attached hereto as Exhibit A.

3.     The Complaint alleges common law tort claims against defendants Brian Myers and the United States.

4.     At all times relevant to the allegations of the Complaint, defendant Brian Myers was acting within the scope of his federal duties as a Special Deputy Federal Bureau of Investigation ("FBI") Task Force Officer, operating a vehicle leased by the FBI.  <u>See</u> Certification of Scope of Employment, attached hereto as Exhibit B.

5.     This action must be removed to this Court pursuant to 28 U.S.C. § 2679(d) because common law torts are alleged against a federal employee Brian Myers and the United States of America.  The sole remedy for personal injuries resulting from the alleged negligence of federal employees acting within the scope of their employment is a suit against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.  <u>See</u> 28 U.S.C. § 2679(b)(1). As such, the United States of America must be substituted as the sole federal defendant pursuant to 28 U.S.C. § 2679 as to any and all common law tort claims raised against defendant Myers.

2

6. Actions brought under the Federal Tort Claims Act may only be brought in a United States District Court. 28 U.S.C. § 1346(b).

7. Removal is timely pursuant to 28 U.S.C. § 2679(d)(2), which allows for removal "at any time before trial."

8. No bond is required to accompany this Notice as it is being filed on behalf of the United States. 28 U.S.C. § 2679(d)(2).

9. A certified copy of this Notice of Removal is being filed in the Prothonotary's Office of the Court of Common Pleas of Philadelphia County, Pennsylvania, and is being sent to all adverse parties pursuant to 28 U.S.C. § 1446(d).

10. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, the United States hereby submits notice of removal of this action.

ZANE DAVID MEMEGER
United States Attorney

MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

ANNETTA FOSTER GIVHAN
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8319

Attorneys for Defendants United States
and Brian Myers

3

# EXHIBIT A

PANSINI & MEZROW
BY: MICHAEL O. PANSINI, ESQUIRE
I.D. #: 44455
BY: STEVEN M. MEZROW,  ESQUIRE
I.D. #: 43746
1525 Locust Street, 15th Floor
Philadelphia, PA  19102
(215) 732-5555



THIS IS A MAJOR JURY TRIAL MATTER

ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| JAMEYA SCRUGGS WHITE, a minor by and through her parent and natural guardian guardian, MELVIN JAMAL SCRUGGS 1917 South Cecil Street Philadelphia, PA  19143 and SADDIYA LOWRY WHITE, a minor, by and through her parent and natural guardian, RICHARD LOWRY 1536 West Ruscomb Philadelphia, PA  19141 | : : : : : : : : : : : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL ACTION MARCH TERM, 2014 |
| v. | : : | |
| BRIAN MYERS 5301 Tacony Street Philadelphia, PA  19135 and UNITED STATES OF AMERICA, c/o FEDERAL BUREAU OF INVESTIGATION 600 Arch Street 8th Floor Philadelphia, PA  19106 and FATIMA WHITE 1507 Courtland Street Philadelphia, PA  19140 | : : : : : : : : : : : : : : | No.    05719 |

## CIVIL ACTION - COMPLAINT - NOTICE TO DEFEND
## 2V- MOTOR VEHICLE ACCIDENT

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY AN ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701

LE HAN DEMANDADO A USTED EN LA CORTE.  SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN LAS PAGINAS SIGUIENTES, USTED TIENE VIENTE (20) DIAS, DE PLAZO AL PARTIR DE LA FECHA DE LA DEMANDA Y LA NOTIFICATION.  HACE FALTA ASENTAR UNA COMPARENCIA ESCRITA O EN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS EN CONTRA DE SU PERSONA.  SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE CONTINUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO AVISO O NOTIFICACION.  ADEMAS, LA CORTE PUEDE DICIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA.  USTED PUEDE PERDER DINERO O SUS PROPIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion de Licenados de Filadelphia
Servicio de Referencia e Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-1701

Case ID: 140305719

1.      Plaintiff, **JAMEYA SCRUGGS WHITE**, a minor, by and through her parent and natural guardian, **MELVIN JAMAL SCRUGGS**, is an individual residing at 1917 South Cecil Street, Philadephia, PA 19143.

2.      Plaintiff, **SADDIYA LOWRY WHITE**, a minor, by and through her parent and natural guardian, **RICHARD LOWRY**, is an individual residing at 1536 West Ruscomb, Philadelphia, PA 19141.

3.      Defendant, **BRIAN MYERS**, is an adult individual residing at 5301 Tacony Street, Philadelphia, PA 19135.  Upon information and belief, Defendant has an office or usual place of business in Philadelphia County and/or may be served legal process in Philadelphia County.

4.      Defendant, **UNITED STATES OF AMERICA, c/o FEDERAL BUREAU OF INVESTIGATION**, is a duly registered agency of the Federal Government wholly owned and operated by the United States of America which regularly and systematically does business in the City of Philadelphia at 600 Race Street, 8th Floor, Philadelphia, PA 19106.

5.      Defendant, **FATIMA WHITE**, is an adult individual residing at 1507 Courtland Street, Philadelphia, PA 19140.

6.      Upon information and belief, at all times relevant hereto, Defendant, **BRIAN MYERS**, was acting as an employee and/or agent for the Defendant, **FEDERAL BUREAU OF INVESTIGATION**.

7.      Plaintiffs have exhausted all administrative remedies, as evidenced by the attached denial of claims from the applicable Federal agency.  See Exhibit "A" attached hereto.

2

Case ID: 140305719

**FACTS**

8.      On or about April 4, 2012, Plaintiff, **JAMEYA SCRUGGS WHITE**, a minor, was a passenger in a vehicle operated by Defendant, **FATIMA WHITE,** which vehicle was traveling northbound on Roosevelt Boulevard, in the City of Philadelphia.

9.      On or about April 4, 2012, Plaintiff, **SADDIYA LOWRY WHITE**, a minor, was a passenger in a vehicle operated by Defendant, **FATIMA WHITE**, which vehicle was traveling northbound on Roosevelt Boulevard, in the City of Philadelphia.

10.      On or about April 4, 2012, at approximately 11:00 A.M., Defendant, **BRIAN MYERS**, was acting as an agent and/or employee for Defendant, **FEDERAL BUREAU OF INVESTIGATION,** and was the operator of a motor vehicle which was owned and/or leased by Defendant, **FEDERAL BUREAU OF INVESTIGATION,** which was traveling in the northbound lanes of on Roosevelt Boulevard, in the City of Philadelphia.

11.      On or about April 4, 2012, at approximately 11:00 A.M., Defendant, **FATIMA WHITE,** was the owner and operator of a motor vehicle which was traveling northbound on Roosevelt Boulevard south of its intersection with Devereaux Avenue, in the City of Philadelphia.

12.      On or about April 4, 2012, at approximately 11:00 A.M., the vehicles operated by Defendants, **FATIMA WHITE** and **BRIAN MYERS,** were involved in a motor vehicle crash.

13.      The aforesaid motor vehicle crash was the direct result of the Defendants negligently, recklessly and/or carelessly operating their vehicles in such a manner as to contribute to the aforementioned crash.

14.      As a result of the aforementioned collision, Plaintiffs, **JAMEYA SCRUGGS**

3

**WHITE**, a minor, and **SADDIYA LOWRY WHITE**, a minor, were caused to suffer severe and

permanent injuries as more fully set forth below.

## COUNT I
### PLAINTIFF, JAMEYA SCRUGGS WHITE, A MINOR,
### BY AND THROUGH HER PARENT AND NATURAL GUARDIAN,
### MELVIN JAMAL SCRUGGS v. DEFENDANT, BRIAN MYERS

15.     Plaintiffs hereby incorporate paragraphs 1 through 14 above as though fully

set forth at length.

16.     On or about April 4, 2012, at approximately 11:00 A.M., Defendant, **BRIAN**

**MYERS**, was operating a motor vehicle in the northbound lanes on Roosevelt Boulevard

when it was so carelessly, recklessly and/or negligently operated and controlled that it was

so caused to be involved in a crash with a vehicle in which Plaintiff, **JAMEYA SCRUGGS**

**WHITE, A MINOR,** was a passenger.

17.     The carelessness, recklessness and/or negligence of Defendant, **BRIAN**

**MYERS**, consisted of the following:

      (a)    striking the vehicle in which the Minor plaintiff was a passenger;

      (b)    operating his vehicle into the lane of travel of the vehicle in which the
            Minor Plaintiff was a passenger;

      (c)    failing to maintain proper distance between vehicles;

      (d)    failing to have said vehicle under proper and adequate control;

      (e)    operating said vehicle at a dangerous and excessive rate of speed
            under the circumstances;

      (f)    failure to keep a proper lookout;

      (g)    failing to apply brakes earlier to stop the vehicle prior to striking the
            vehicle in which the Minor Plaintiff was a passenger;

4

(h)     being inattentive to his duties as an operator of a motor vehicle;

(i)     disregarding traffic lanes, patterns and other devices;

(j)     failing to have said motor vehicle under proper and adequate control at the time of the accident;

(k)     failing to apply his brakes in time to avoid a collision;

(l)     failing to give proper and sufficient warning of the approach of said motor vehicle;

(m)    failing to pay attention while operating said motor vehicle;

(n)     operating said vehicle with disregard for the right of the Minor Plaintiff even though he was aware or should have been aware of the presence of Minor Plaintiff and the threat of harm posed to them.

(o)     continuing to operate the vehicle in a direction toward the vehicle in which the Minor Plaintiff was a passenger, when the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

(p)     driving too fast for conditions;

(q)     failing to yield to the vehicle in which the Minor Plaintiff was a passenger;

(r)     traveling into the lane of travel in which the Minor Plaintiff was a passenger; and

(s)     negligent entrustment.

18.     By reason of the aforesaid carelessness, negligence and recklessness herein described of the Defendant, **BRIAN MYERS**, Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** suffered severe and permanent injuries to her head, shoulders, arms, legs, and spine; she also sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues of her head, neck, back, shoulders, arms and legs; including but not limited to a fracture femur; a radial fracture; an ulnar fracture; a traumatic injury to

5

her brain; traumatic injury to her wrist and shoulder; and other injuries as explained by her doctors. The Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** suffered internal injuries of an unknown nature; she suffered severe aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system, and other injuries the full extent of which are not yet known. She has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to attend to her usual duties and occupation, all to her great financial detriment and loss.

19.    The Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** by and through her parent and natural guardian, **MELVIN JAMAL SCRUGGS,** believes and therefore avers that her injuries are permanent in nature.

20.    As a result of the aforesaid occurrence, the Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** by and through her parent and natural guardian, **MELVIN JAMAL SCRUGGS,** has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purposes in the future.

21.    As a result of the aforesaid occurrence, the Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** has been prevented from attending to her usual and daily activities and duties, and may be so prevented for an indefinite time in the future, all to her great detriment and loss.

22.    As a result of the aforesaid occurrence, the Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** has suffered physical pain, mental anguish, humiliation and disfigurement and she may continue to suffer same for an indefinite period of time in the future.

Case ID: 140305719

**WHEREFORE**, Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** by and through her parent and natural guardian, **MELVIN JAMAL SCRUGGS**, demands judgment against the Defendants, solely, jointly and severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, punitive damages, costs, interests, and other damages permitted by law.

**COUNT II**
**PLAINTIFF, SADDIYA LOWRY WHITE, A MINOR, BY AND THROUGH**
**HER PARENT AND NATURAL GUARDIAN, RICHARD LOWRY**
**v. DEFENDANT, BRIAN MYERS**

23.     Plaintiffs hereby incorporate paragraphs 1 through 22 above as though fully set forth at length.

24.     On or about April 4, 2012, at approximately 11:00 A.M., Defendant, **BRIAN MYERS**, was operating a motor vehicle in the northbound lanes on Roosevelt Boulevard when it was so carelessly, recklessly and/or negligently operated and controlled that it was caused to be involved in a crash with a vehicle in which Plaintiff, **SADDIYA LOWRY WHITE, A MINOR,** was a passenger.

25.     The carelessness, recklessness and/or negligence of Defendant, **BRIAN MYERS**, consisted of the following:

        (a)     striking the vehicle in which the Minor plaintiff was a passenger;

        (b)     operating his vehicle into the lane of travel of the vehicle in which the Minor Plaintiff was a passenger;

        (c)     failing to maintain proper distance between vehicles;

        (d)     failing to have said vehicle under proper and adequate control;

        (e)     operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

7

(f)     failure to keep a proper lookout;

(g)     failing to apply brakes earlier to stop the vehicle prior to striking the vehicle in which the Minor Plaintiff was a passenger;

(h)     being inattentive to his duties as an operator of a motor vehicle;

(i)     disregarding traffic lanes, patterns and other devices;

(j)     failing to have said motor vehicle under proper and adequate control at the time of the accident;

(k)     failing to apply his brakes in time to avoid a collision;

(l)     failing to give proper and sufficient warning of the approach of said motor vehicle;

(m)    failing to pay attention while operating said motor vehicle;

(n)     operating said vehicle with disregard for the right of the Minor Plaintiff even though he was aware or should have been aware of the presence of Minor Plaintiff and the threat of harm posed to them.

(o)     continuing to operate the vehicle in a direction toward the vehicle in which the Minor Plaintiff was a passenger, when the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

(p)     driving too fast for conditions;

(q)     failing to yield to the vehicle in which the Minor Plaintiff was a passenger;

(r)     traveling into the lane of travel in which the Minor Plaintiff was a passenger; and

(s)     negligent entrustment.

26.     By reason of the aforesaid carelessness, negligence and recklessness herein described of the Defendant, **BRIAN MYERS**, Plaintiff, **SADDIYA LOWRY WHITE, A MINOR,** suffered severe and permanent injuries to her head, brain, face, nose and spine;

8

she also sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues of her head, face, nose, neck, back, shoulders, arms and legs; including but not limited to a concussion; post-concussive syndrome secondary to closed head injury; post-traumatic headaches; a traumatic injury to her brain; and other injuries as explained by her doctors. The Plaintiff, **SADDIYA LOWRY WHITE, A MINOR,** suffered internal injuries of an unknown nature; she suffered severe aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system, and other injuries the full extent of which are not yet known. She has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to attend to her usual duties and occupation, all to her great financial detriment and loss.

27.    The Plaintiff, **SADDIYA LOWRY WHITE, A MINOR,** by and through her parent and natural guardian, **RICHARD LOWRY,** believes and therefore avers that her injuries are permanent in nature.

28.    As a result of the aforesaid occurrence, the Plaintiff, **SADDIYA LOWRY WHITE, A MINOR,** by and through her parent and natural guardian, **RICHARD LOWRY,** has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purposes in the future.

29.    As a result of the aforesaid occurrence, the Plaintiff, **SADDIYA LOWRY WHITE, A MINOR,** has been prevented from attending to her usual and daily activities and duties, and may be so prevented for an indefinite time in the future, all to her great detriment and loss.

9

Case ID: 140305719

30.   As a result of the aforesaid occurrence, the Plaintiff, **SADDIYA LOWRY WHITE, A MINOR,** has suffered physical pain, mental anguish, humiliation and disfigurement and she may continue to suffer same for an indefinite period of time in the future.

**WHEREFORE**, Plaintiff, **SADDIYA LOWRY WHITE, A MINOR,** by and through her parent and natural guardian, **RICHARD LOWRY,** demands judgment against the Defendants, solely, jointly and severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, punitive damages, costs, interests, and other damages permitted by law.

### COUNT III
### PLAINTIFF, JAMEYA SCRUGGS WHITE, A MINOR, BY AND THROUGH HER PARENT AND NATURAL GUARDIAN, MELVIN JAMAL SCRUGGS v. UNITED STATES OF AMERICA c/o FEDERAL BUREAU OF INVESTIGATION

31.   Plaintiffs hereby incorporate paragraphs 1 through 30 above as though fully set forth at length.

32.   At all times relevant hereto, upon information and belief, Defendant, **BRIAN MYERS**, was operating a vehicle which was owned and/or leased by the Defendant, **FEDERAL BUREAU OF INVESTIGATION**.

33.   At all times relevant hereto, Defendant, **BRIAN MYERS**, was acting as an agent, servant and/or employee of the Defendant, **FEDERAL BUREAU OF INVESTIGATION**, acting in the scope of his agency.

34.   On or about April 4, 2012, the vehicle operated by Defendant, **BRIAN MYERS**, was caused to crash into the vehicle in which Minor Plaintiffs, **JAMEYA SCRUGGS WHITE** and **SADDIYA LOWRY WHITE**, were passengers.

35.   The negligence of Defendant, **UNITED STATES OF AMERICA c/o FEDERAL**

10

**BUREAU OF INVESTIGATION**, itself and through its employee and/or agent, Defendant, **BRIAN MYERS**, acting at all times relevant hereto, within the scope of his agency which was the direct and proximate cause of the motor vehicle collision and the injuries and damages sustained by Minor Plaintiff consisted of, but is not limited to:

(a)     striking the vehicle in which the Minor plaintiff was a passenger;

(b)     operating his vehicle into the lane of travel of the vehicle in which the Minor Plaintiff was a passenger;

(c)     failing to maintain proper distance between vehicles;

(d)     failing to have said vehicle under proper and adequate control;

(e)     operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

(f)     failure to keep a proper lookout;

(g)     failing to apply brakes earlier to stop the vehicle prior to striking the vehicle in which the Minor Plaintiff was a passenger;

(h)     being inattentive to his duties as an operator of a motor vehicle;

(i)     disregarding traffic lanes, patterns and other devices;

(j)     failing to have said motor vehicle under proper and adequate control at the time of the accident;

(k)     failing to apply his brakes in time to avoid a collision;

(l)     failing to give proper and sufficient warning of the approach of said motor vehicle;

(m)    failing to pay attention while operating said motor vehicle;

(n)     operating said vehicle with disregard for the right of the Minor Plaintiff even though he was aware or should have been aware of the presence of Minor Plaintiff and the threat of harm posed to them.

(o)     continuing to operate the vehicle in a direction toward the vehicle in

11

which the Minor Plaintiff was a passenger, when the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

(p)     driving too fast for conditions;

(q)     failing to yield to the vehicle in which the Minor Plaintiff was a passenger;

(r)     traveling into the lane of travel in which the Minor Plaintiff was a passenger; and

(s)     negligent entrustment.

36.     By reason of the aforesaid carelessness, negligence and recklessness herein described of the Defendants, Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** suffered severe and permanent injuries to her head, shoulders, arms, legs, and spine; she also sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues of her head, neck, back, shoulders, arms and legs; including but not limited to a fracture femur; a radial fracture; an ulnar fracture; a traumatic injury to her brain; traumatic injury to her wrist and shoulder; and other injuries as explained by her doctors. The Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** suffered internal injuries of an unknown nature; she suffered severe aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system, and other injuries the full extent of which are not yet known. She has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to attend to her usual duties and occupation, all to her great financial detriment and loss.

37.     The Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** by and through her parent and natural guardian, **MELVIN JAMAL SCRUGGS,** believes and therefore avers that

12

her injuries are permanent in nature.

38.     As a result of the aforesaid occurrence, the Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** by and through her parent and natural guardian, **MELVIN JAMAL SCRUGGS,** has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purposes in the future.

39.     As a result of the aforesaid occurrence, the Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** has  been prevented from attending to her usual and daily activities and duties, and may be so prevented for an indefinite time in the future, all to her great detriment and loss.

40.     As a result of the aforesaid occurrence, the Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** has suffered physical pain, mental anguish, humiliation and disfigurement and she may continue to suffer same for an indefinite period of time in the future.

**WHEREFORE,** Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** by and through her parent and natural guardian, **MELVIN JAMAL SCRUGGS,** demands judgment against the Defendants, solely, jointly and severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, punitive damages, costs, interests, and other damages permitted by law.

## COUNT IV
### PLAINTIFF, SADDIYA LOWRY WHITE, A MINOR, BY AND THROUGH HER PARENT AND NATURAL GUARDIAN, RICHARD LOWRY v. UNITED STATES OF AMERICA c/o FEDERAL BUREAU OF INVESTIGATION

41.     Plaintiffs hereby incorporate paragraphs 1 through 40 above as though fully set forth at length.

13

42.     At all times relevant hereto, upon information and belief, Defendant, **BRIAN MYERS**, was operating a vehicle which was owned and/or leased by the Defendant, **FEDERAL BUREAU OF INVESTIGATION**.

43.     At all times relevant hereto, Defendant, **BRIAN MYERS**, was acting as an agent, servant and/or employee of the Defendant, **FEDERAL BUREAU OF INVESTIGATION**, acting in the scope of his agency.

44.     On or about April 4, 2012, the vehicle operated by Defendant, **BRIAN MYERS**, was caused to crash into the vehicle in which Minor Plaintiffs, **JAMEYA SCRUGGS WHITE** and **SADDIYA LOWRY WHITE**, were passengers.

45.     The negligence of Defendant, **UNITED STATES OF AMERICA c/o FEDERAL BUREAU OF INVESTIGATION**, itself and through its employee and/or agent, Defendant, **BRIAN MYERS**, acting at all times relevant hereto, within the scope of his agency which was the direct and proximate cause of the motor vehicle collision and the injuries and damages sustained by Minor Plaintiff consisted of, but is not limited to:

       (a)    striking the vehicle in which the Minor plaintiff was a passenger;

       (b)    operating his vehicle into the lane of travel of the vehicle in which the Minor Plaintiff was a passenger;

       (c)    failing to maintain proper distance between vehicles;

       (d)    failing to have said vehicle under proper and adequate control;

       (e)    operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

       (f)    failure to keep a proper lookout;

       (g)    failing to apply brakes earlier to stop the vehicle prior to striking the vehicle in which the Minor Plaintiff was a passenger;

(h)     being inattentive to his duties as an operator of a motor vehicle;

(i)     disregarding traffic lanes, patterns and other devices;

(j)     failing to have said motor vehicle under proper and adequate control at the time of the accident;

(k)     failing to apply his brakes in time to avoid a collision;

(l)     failing to give proper and sufficient warning of the approach of said motor vehicle;

(m)     failing to pay attention while operating said motor vehicle;

(n)     operating said vehicle with disregard for the right of the Minor Plaintiff even though he was aware or should have been aware of the presence of Minor Plaintiff and the threat of harm posed to them.

(o)     continuing to operate the vehicle in a direction toward the vehicle in which the Minor Plaintiff was a passenger, when the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

(p)     driving too fast for conditions;

(q)     failing to yield to the vehicle in which the Minor Plaintiff was a passenger;

(r)     traveling into the lane of travel in which the Minor Plaintiff was a passenger; and

(s)     negligent entrustment.

46.     By reason of the aforesaid carelessness, negligence and recklessness herein described of the Defendant, **BRIAN MYERS**, Plaintiff, **SADDIYA LOWRY WHITE, A MINOR,** suffered severe and permanent injuries to her head, brain, face, nose and spine; she also sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues of her head, face, nose, neck, back, shoulders, arms and legs; including but not limited to a concussion; post-concussive syndrome secondary to closed

15

head injury; post-traumatic headaches; a traumatic injury to her brain; and other injuries as explained by her doctors.   The Plaintiff, **SADDIYA LOWRY WHITE, A MINOR,** suffered internal injuries of an unknown nature; she suffered severe aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system, and other injuries the full extent of which are not yet known.  She has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to attend to her usual duties and occupation, all to her great financial detriment and loss.

47.     The Plaintiff,**SADDIYA LOWRY WHITE, A MINOR,**  by and through her parent and natural guardian, **RICHARD LOWRY,** believes and therefore avers that her injuries are permanent in nature.

48.     As a result of the aforesaid occurrence, the Plaintiff, **SADDIYA LOWRY WHITE, A MINOR,** by and through her parent and natural guardian, **RICHARD LOWRY,** has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purposes in the future.

49.     As a result of the aforesaid occurrence, the Plaintiff, **SADDIYA LOWRY WHITE, A MINOR,** has  been prevented from attending to her usual and daily activities and duties, and may be so prevented for an indefinite time in the future, all to her great detriment and loss.

50.     As a result of the aforesaid occurrence, the Plaintiff, **SADDIYA LOWRY WHITE, A MINOR,** has suffered physical pain, mental anguish, humiliation and disfigurement and she may continue to suffer same for an indefinite period of time in the future.

16

WHEREFORE, Plaintiff, **SADDIYA LOWRY WHITE, A MINOR,** by and through her parent and natural guardian, **RICHARD LOWRY,** demands judgment against the Defendants, solely, jointly and severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, punitive damages, costs, interests, and other damages permitted by law.

### COUNT V
### PLAINTIFF, JAMEYA SCRUGGS WHITE, A MINOR, BY AND THROUGH HER PARENT AND NATURAL GUARDIAN, MELVIN JAMAL SCRUGGS v. FATIMA WHITE

51.     Plaintiffs hereby incorporate paragraphs 1 through 50 above as though fully set forth at length.

52.     On or about April 4, 2012, at approximately 11:00 A.M., Defendant, **FATIMA WHITE**, was operating a motor vehicle in the northbound lanes on Roosevelt Boulevard in which **MINOR PLAINTIFFS, JAMEYA SCRUGGS WHITE AND SADDIYA LOWRY WHITE**, were passengers  when it was so carelessly, recklessly and/or negligently operated and controlled that it was caused to be involved in a crash with the vehicle operated by Defendant, **BRIAN MYERS**.

53.     The carelessness, recklessness and/or negligence of Defendant, **FATIMA WHITE**, consisted of the following:

        (a)     failing to maintain proper distance between vehicles;

        (b)     failing to have said vehicle under proper and adequate control;

        (c)     operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

        (d)     failure to keep a proper lookout;

        (e)     failing to apply brakes earlier to stop the vehicle prior to a collision;

17

(f)    being inattentive to her duties as an operator of a motor vehicle;

(g)    failing to have said motor vehicle under proper and adequate control at the time of the accident;

(h)    failing to apply her brakes in time to avoid a collision;

(I)    failing to give proper and sufficient warning of the approach of said motor vehicle;

(j)    failing to pay attention while operating said motor vehicle;

(k)    driving too fast for conditions;

(l)    failing to yield to the other vehicle.

54.    By reason of the aforesaid carelessness, negligence and recklessness herein described of the Defendant, **FATIMA WHITE**, Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** suffered severe and permanent injuries to her head, shoulders, arms, legs, and spine; she also sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues of her head, neck, back, shoulders, arms and legs; including but not limited to a fracture femur; a radial fracture; an ulnar fracture; a traumatic injury to her brain, traumatic injury to her wrist and shoulder, and other injuries as explained by her doctors. The Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** suffered internal injuries of an unknown nature; she suffered severe aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system, and other injuries the full extent of which are not yet known. She has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to attend to her usual duties and occupation, all to her great financial detriment and loss.

55.    The Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** by and through her

18

parent and natural guardian, **MELVIN JAMAL SCRUGGS**, believes and therefore avers that her injuries are permanent in nature.

56.     As a result of the aforesaid occurrence, the Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** by and through her parent and natural guardian, **MELVIN JAMAL SCRUGGS**, has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purposes in the future.

57.     As a result of the aforesaid occurrence, the Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** has  been prevented from attending to her usual and daily activities and duties, and may be so prevented for an indefinite time in the future, all to her great detriment and loss.

58.     As a result of the aforesaid occurrence, the Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** has suffered physical pain, mental anguish, humiliation and disfigurement and she may continue to suffer same for an indefinite period of time in the future.

**WHEREFORE**, Plaintiff, **JAMEYA SCRUGGS WHITE, A MINOR,** by and through her parent and natural guardian, **MELVIN JAMAL SCRUGGS**, demands judgment against the Defendants, solely, jointly and severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, punitive damages, costs, interests, and other damages permitted by law.

### COUNT VI
### PLAINTIFF, SADDIYA LOWRY WHITE, A MINOR, BY AND THROUGH
### HER PARENT AND NATURAL GUARDIAN, RICHARD LOWRY
### v. DEFENDANT, FATIMA WHITE

59.     Plaintiffs hereby incorporate paragraphs 1 through 58 above as though fully

set forth at length.

60.    On or about April 4, 2012, at approximately 11:00 A.M., Defendant, **FATIMA WHITE**, was operating a motor vehicle in the northbound lanes on Roosevelt Boulevard in which **MINOR PLAINTIFFS, JAMEYA SCRUGGS WHITE AND SADDIYA LOWRY WHITE**, were passengers  when it was so carelessly, recklessly and/or negligently operated and controlled that it was caused to be involved in a crash with the vehicle operated by Defendant, **BRIAN MYERS**.

61.    The carelessness, recklessness and/or negligence of Defendant, **FATIMA WHITE**, consisted of the following:

    (a)    failing to maintain proper distance between vehicles;

    (b)    failing to have said vehicle under proper and adequate control;

    (c)    operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    (d)    failure to keep a proper lookout;

    (e)    failing to apply brakes earlier to stop the vehicle prior to a collision;

    (f)    being inattentive to her duties as an operator of a motor vehicle;

    (g)    failing to have said motor vehicle under proper and adequate control at the time of the accident;

    (h)    failing to apply her brakes in time to avoid a collision;

    (I)    failing to give proper and sufficient warning of the approach of said motor vehicle;

    (j)    failing to pay attention while operating said motor vehicle;

    (k)    driving too fast for conditions;

    (l)    failing to yield to the other vehicle.

20

62.     By reason of the aforesaid carelessness, negligence and recklessness herein described of the Defendant, **FATIMA WHITE,** Plaintiff,   **SADDIYA LOWRY WHITE, A MINOR,**  suffered severe and permanent injuries to her head, brain, face, nose and spine; she also sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues of her head, face, nose, neck, back, shoulders, arms and legs; including but not limited to a concussion; post-concussive syndrome secondary to closed head injury; post-traumatic headaches; a traumatic injury to her brain; and other injuries as explained by her doctors.  The Plaintiff, **SADDIYA LOWRY WHITE, A MINOR,** suffered internal injuries of an unknown nature; she suffered severe aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system, and other injuries the full extent of which are not yet known.  She has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to attend to her usual duties and occupation, all to her great financial detriment and loss.

63.     The Plaintiff, **SADDIYA LOWRY WHITE, A MINOR,** by and through her parent and natural guardian, **RICHARD LOWRY,** believes and therefore avers that her injuries are permanent in nature.

64.     As a result of the aforesaid occurrence, the Plaintiff, **SADDIYA LOWRY WHITE, A MINOR,** by and through her parent and natural guardian, **RICHARD LOWRY,** has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purposes in the future.

65.     As a result of the aforesaid occurrence, the Plaintiff, **SADDIYA LOWRY**

21

**WHITE, A MINOR,** has been prevented from attending to her usual and daily activities and duties, and may be so prevented for an indefinite time in the future, all to her great detriment and loss.

66.   As a result of the aforesaid occurrence, the Plaintiff, **SADDIYA LOWRY WHITE, A MINOR,** has suffered physical pain, mental anguish, humiliation and disfigurement and she may continue to suffer same for an indefinite period of time in the future.

**WHEREFORE,** Plaintiff, **SADDIYA LOWRY WHITE, A MINOR,** by and through her parent and natural guardian, **RICHARD LOWRY,** demands judgment against the Defendants, solely, jointly and severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, punitive damages, costs, interests, and other damages permitted by law.

**Respectfully submitted,**

**PANSINI & MEZROW**

DATE:   __July 14, 2014__            BY: **/s/ STEVEN M. MEZROW**
                                      **STEVEN M. MEZROW, ESQUIRE**
                                      **Attorney for Plaintiffs**

22



## VERIFICATION

I, Melvin Scruggs, state that I am the within named Plaintiff and that the facts

set forth in the foregoing ___Complaint___ are true and

correct to the best of my knowledge, information and belief; and that this statement is

made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn

falsification to authorities.

7-14-14

*Melvin Scruggs*
I ameqa Scruggs-white, a minor
by and though her parent and
Natural Guardian, Melvin Jamel Scruggs

Case ID: 140305719

**VERIFICATION**

I, Richard Lowry , state that I am the within named Plaintiff and that the facts

set forth in the foregoing _____Complaint_____ are true and

correct to the best of my knowledge, information and belief; and that this statement is

made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn

falsification to authorities.


7-14-14

Richard Lowry Jr.
Saddiya Lowry – Lhife, a minor
by and through her Parent and
Natural Guardian, Richard Lowry

# EXHIBIT B

## CERTIFICATION OF SCOPE OF EMPLOYMENT

I, Zane David Memeger, United States Attorney in and for the Eastern District of Pennsylvania, pursuant to provisions of 28 U.S.C. § 2679(d), and by virtue of the authority vested in me by 28 C.F.R. § 15.4(a), hereby certify that (1) I have read correspondence prepared in anticipation of litigation[1] by the Supervisory Special Agent and Chief Division Counsel for the Philadelphia Division of the Federal Bureau of Investigation (the "FBI") concerning the lawsuit filed by plaintiff Jameya Scruggs White, a minor by her parent and guardian, and plaintiff Saddiya Lowry White, also a minor by her parent and guardian related to a motor vehicle accident on April 4, 2012; (2) based on information in the correspondence I reviewed, the motor vehicle accident involved a collision starting with the vehicle in which the minor plaintiffs were passengers and which accident caused damage to a vehicle operated by defendant Brian Myers while acting within the scope of his federal duties as a Special Deputy Federal Bureau of Investigation ("FBI") Task Force Officer and while operating a vehicle leased by the FBI; and (3) the above described correspondence shows that FBI Task Force Officer Myers was a federal employee within the meaning of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680, during the relevant time and that the accident occurred while he was acting within the scope of his federal duties and employment.

Dated:  August 6, 2014

_Zane David Memeger/jw_
ZANE DAVID MEMEGER
United States Attorney

---

[1]     Disclosure of certain factual representations from correspondence to the United States Attorney's Office does not waive work product or attorney-client privilege regarding the rest of the correspondence furnished to the United States Attorney's Office in anticipation of litigation.  Work product and attorney-client privilege as to the rest of the correspondence is especially preserved.

### CERTIFICATE OF SERVICE

The undersigned attorney for defendants United States and Brian Myers certifies that she will this date file the foregoing Notice of Removal with the Clerk of the Court of Common Pleas of Philadelphia County and will effect service of true and correct copies by first class mail, postage prepaid, as follows:

Michael O. Pansini, Esquire             John M. DeFeo, Esquire
Steven M. Mezrow, Esquire               SNYDER & BARRETT
PANSINI & MEZROW                        1601 Market Street
1525 Locust Street,                     Suite 1040
Philadelphia, PA  19102                 Philadelphia, PA  19103

Attorneys for Plaintiffs                Attorney for Defendant Fatima White


_____
Annetta Foster Givhan
Assistant United States Attorney


Dated:  August 6, 2014